# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 1, 2020

Lyle W. Cayce
Clerk

No. 20-50164
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ALEXIS ORTEGA-MARUFO,
*also known as* ALEXIS ORTEGA-MARRUFO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
No. 4:19-CR-723-3

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Alexis Ortega-Marufo appeals his sentence for importation of and possession with intent to distribute marihuana. He asserts that he should have received the minor-role adjustment under U.S.S.G. § 3B1.2 because he was

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

substantially less culpable than the average participant in the criminal activity. Citing Application Note 3(A) to § 3B1.2, he observes that a drug courier who is accountable only for the quantity he personally transported is eligible for the adjustment. He contends that the district court's rationale for denying the adjustment—his criminal history—was not implicated by the factors in the commentary to § 3B1.2. According to Ortega-Marufo, those factors instead supported the adjustment because he was similarly situated to his co-defendants as a mere backpacker who did not guide or lead the group, plan the trip, drive the participants, exercise decisionmaking authority, or financially profit from the drug-trafficking activity.

We review the district court's application of the guidelines *de novo* and its factual finding that a defendant was a not minor participant for clear error. *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016). A finding is not clearly erroneous if it is plausible in light of the record as a whole. *Id.* "We may affirm on any ground supported by the record." *United States v. Luyten*, 966 F.3d 329, 332 (5th Cir. 2020).

Contrary to the government's assertion, "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." § 3B1.2, comment. (n.3(C)); *see Gomez-Valle*, 828 F.3d at 329. Even a defendant who plays an essential role may receive the minor-role adjustment if he "is substantially less culpable than the average participant in the criminal activity." U.S. Sent'g Guidelines Manual § 3B1.2 cmt. n.3(c) (U.S. Sent'g Comm'n 2005).

The record plausibly supports the district court's finding that Ortega-Marufo was an average participant, rather than one who was substantially less culpable than the average participant. His role as a courier is not determinative. *See United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989). Of the five people who illegally crossed the border from Mexico with a total of

86.12 kilograms of marihuana in their backpacks, Ortega-Marufo alone knew that the marihuana was being transported to Odessa, Texas. Additionally, he was the only one with a criminal record. Tellingly, it involved a recent conviction for the same conduct of illegally crossing the border near Marfa, Texas, with a large quantity of marihuana. Those facts together indicated that Ortega-Marufo had a greater understanding of the scope and structure of the criminal activity than did the other participants, a relevant factor in determining whether he should receive the adjustment. *See* § 3B1.2, comment. (n.3(C)). The district court was not required to make an express finding on it. *See United States v. Torres-Hernandez*, 843 F.3d 203, 209–10 (5th Cir. 2016).

Because the finding that Ortega-Marufo was an average participant in the criminal activity is plausible in light of the record as a whole, the court did not err by denying the minor-role adjustment. *See* § 3B1.2, comment. (n.3(A), (C)); *Gomez-Valle*, 828 F.3d at 327; *Luyten*, 966 F.3d at 332. The judgment is AFFIRMED.